# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD DRAYTON, : | |
|     Petitioner : | |
| : | No. 1:19-cv-100 |
| v. : | |
| : | (Judge Kane) |
| WARDEN DOUGLAS K. WHITE, : | |
|     Respondent : | |

## MEMORANDUM

On January 16, 2019, pro se Petitioner Ronald Drayton ("Petitioner"), who is presently confined at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a detainer lodged against him by the Luzerne County, Pennsylvania District Attorney's Office and asking the Court to direct Respondent to remove the detainer. (Doc. No. 1.) After Petitioner paid the requisite filing fee, the Court entered an Order to Show Cause, directing Respondent to file a response within twenty (20) days. (Doc. No. 6.)

On March 28, 2019, Respondent filed a response, asserting that Petitioner's § 2241 petition should be dismissed because: (1) Petitioner failed to exhaust his administrative remedies; (2) the Court lacks subject matter jurisdiction over Petitioner's challenge to the detainer; and (3) Petitioner's argument that the detainer has caused him to be excluded from rehabilitative programs lacks merit, as such exclusion does not violate his rights. (Doc. No. 8.) Subsequently, Petitioner filed a motion for an extension of time to file a traverse (Doc. No. 9), a motion for discovery asking the Court to direct Respondent to provide him a sentence computation abstract from the Pennsylvania Department of Corrections ("DOC") (Doc. No. 10), and a motion to expedite a ruling on his motion for discovery (Doc. No. 11).

In an Order dated May 17, 2019, the Court granted Petitioner's motion to expedite to the extent that Respondent was directed to file a response to the motion for discovery. (Doc. No. 12.) Respondent filed a response to the motion on May 21, 2019 (Doc. No. 13), and Petitioner filed a reply (Doc. No. 14). By Order dated June 7, 2019, the Court denied Petitioner's motion for discovery and granted his motion for an extension of time to file a traverse, directing him to do so within fourteen (14) days. (Doc. No. 15.) The Court received Petitioner's traverse on June 18, 2019. (Doc. No. 16.) For the reasons set forth below, the Court will dismiss Petitioner's § 2241 petition.

## I.　　BACKGROUND

Petitioner is in federal custody pursuant to a 57-month sentence imposed upon him by Judge Malachy Mannion of this Court for conspiracy to distribute and possess with the intent to distribute cocaine. (Doc. No. 8-1, Ex. 1, Attach. 1 at 2.) His projected release date is November 1, 2019. (Id.)

On May 10, 2017, the Luzerne County District Attorney's Office contacted the Bureau of Prisons ("BOP") via email to request that a detainer be lodged against Petitioner. (Id., Attach. 3 at 1.) The email included attachments of the supporting court documentation as well as an abstract pertaining to Petitioner's state criminal proceedings. (Id. at 3-11.) The email indicated that "[a]lthough [Petitioner's] Luzerne County sentence is to run concurrent to his federal sentence, the Luzerne County sentence will exceed his federal sentence." (Id. at 1.) In response, the BOP issued a Detainer Action Letter to the District Attorney's Office, noting that the detainer had been lodged and that Petitioner was tentatively scheduled for release on November 1, 2019. (Id. at 2.)

On November 1, 2018, Petitioner filed administrative remedy 958568.F1, asking that the Luzerne County detainer be removed. (Id., Attach. 2.) On November 20, 2018, his remedy was denied at the institutional level. (Id.) On December 12, 2018, Petitioner appealed to the Regional Office, which denied his appeal on February 1, 2019. (Id.)

**II. DISCUSSION**

Respondent asserts that Petitioner's § 2241 petition should be dismissed because: (1) Petitioner failed to exhaust his administrative remedies; (2) the Court lacks subject matter jurisdiction over Petitioner's challenge to the detainer; and (3) Petitioner's argument that the detainer has caused him to be excluded from rehabilitative programs lacks merit, as such exclusion does not violate his rights. (Doc. No. 8.) The Court considers each argument below in turn.

**A.     Exhaustion of Administrative Remedies**

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

The Bureau of Prisons ("BOP") has a multi-step procedure for inmates to grieve aspects of their imprisonment. See 28 C.F.R. §§ 542.10-542.19. First, an inmate should attempt informal resolution of the issue with the appropriate staff member. Id. § 542.13(b). If informal resolution is unsuccessful, the inmate may file a formal written grievance with the Warden, using the appropriate form, within twenty (20) days of the date of the events forming the basis of the grievance. Id. § 542.14(a). An inmate dissatisfied with the Warden's response may appeal it to the Regional Director within twenty (20) days of the Warden's response. Id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response to the BOP's General Counsel within thirty (30) days of the Regional Director's response. Id.

Respondent asserts that Petitioner's § 2241 petition should be dismissed because Petitioner did not appeal to the Central Office the Regional Officer's denial of his remedy requesting that the detainer be removed. (Doc. No. 8 at 5.) In response, Petitioner contends that he has fully exhausted his administrative remedies and has included documentation to support his claim. (Doc. No. 16.) The documents attached to Petitioner's traverse indicate that on February 25, 2019, Petitioner appealed the Regional Officer's response to the Central Office. (Id. at 12-13.) On April 17, 2019, the Central Office denied Petitioner's appeal. (Id. at 14.) Thus, while Petitioner did not fully exhaust his administrative remedies prior to filing his § 2241 petition, he has since done so. Accordingly, the Court declines to dismiss the § 2241 petition solely on the basis that Petitioner failed to exhaust his administrative remedies.

B. **Subject Matter Jurisdiction**

Respondent next asserts that Petitioner's § 2241 petition should be dismissed because the Court lacks subject matter jurisdiction to review his challenge to the detainer. (Doc. No. 8.)

4

Respondent maintains that he cannot grant the relief requested by Petitioner, and that Petitioner is not in custody pursuant to the detainer. (Id.)

"In order to invoke habeas corpus jurisdiction under § 2241, [Petitioner] must demonstrate that he is 'in custody' pursuant to the detainer." Green v. Apker, 153 F. App'x 77, 79 (3d Cir. 2005). In his traverse, Petitioner appears to assert that he is in custody pursuant to the detainer because his state sentence was imposed to run concurrently with his federal sentence. (Doc. No. 16 at 3.) While this may be so, Petitioner is not in custody pursuant to the detainer itself, as the detainer was placed to ensure that Petitioner is taken into state custody following his release from federal custody so that he can serve the remainder of his state sentence. Thus, Petitioner is challenging his future confinement pursuant to the detainer. However, "when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not 'the person who [holds] him in what [is] alleged to be unlawful custody.'" See Graham v. Brooks, 342 F. Supp. 2d 256, 261 (D. Del. 2004) (alteration in original) (quoting Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 494-95 (1973)).

In the instant case, Petitioner is deemed to be in custody of the Luzerne County officials who lodged the detainer against him. See id. Thus, he cannot maintain his § 2241 petition against Respondent, the Warden of FCI Allenwood. In his traverse, Petitioner requests, in the alternative, leave to amend his petition to name the Luzerne County District Attorney's Office as the Respondent, noting that the same United States Attorney's Office will make any applicable filings with this court." (Doc. No. 16 at 3.) As an initial matter, the Court concludes that it is unlikely that the United States Attorney's Office, a federal agency, would represent the Luzerne County District Attorney's Office, a state agency, in proceedings against it. Moreover, at this time, it is not clear whether Petitioner could proceed against the Luzerne County District

5

Attorney's Office, as he must exhaust his available remedies in state court prior to seeking habeas relief pursuant to § 2241. See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) (noting that "[t]he state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. § 2241"). Accordingly, while the Court will not allow Petitioner leave to amend his petition to name the Luzerne County District Attorney's Office as a Respondent at this time, the Court will dismiss his § 2241 petition without prejudice to his right to seek habeas relief against the District Attorney's Office once he has exhausted his state court remedies.

  C. **Exclusion for Rehabilitative Programs**

Petitioner argues that the placement of the detainer has violated his due process rights under the Fifth and Fourteenth Amendments because it has caused him to be denied the right to participate in programming that would reduce his total amount of time served in federal custody. (Doc. No. 1 at 6-7.) Respondent maintains that exclusion from such programs does not violate Petitioner's constitutional rights. (Doc. No. 8.) This Court has previously rejected a similar claim, noting that "the Due Process Clause is not implicated by 'prisoner classification and eligibility for rehabilitative programs,' even where an inmate suffers 'grievous loss' because 'Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.'" See Smith v. U.S. Parole Comm'n, No. 3:CV-12-2051, 2013 WL 5176749, at *6 (M.D. Pa. Sept. 12, 2013) (citing Moody v. Daggett, 429 U.S. 78, 88 (1976)); see also Gallegos-Hernandez v. United States, 688 F.3d 190, 195-96 (5th Cir. 2012) (concluding that federal inmate had no liberty interest in drug rehabilitation and other

6

programs and, therefore, could not maintain a claim that his due process rights had been violated by being denied these programs because of an immigration detainer placed against him); Montero Morlotti v. Nash, No. Civ.A.05-1396 FLW, 2005 WL 2491529, at *2 (D.N.J. Oct. 6, 2005) (rejecting federal inmate's claim that he had a constitutional right to programs and services from which he was allegedly disqualified because of a detainer placed against him). Accordingly, Petitioner is not entitled to habeas relief based upon his assertion that his due process rights have been violated through placement of the detainer.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) This dismissal will be without prejudice to Petitioner's right to challenge the lodging of the detainer against him by the Luzerne County District Attorney's Office once he has exhausted all available state court remedies. An appropriate Order follows.